IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 13 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-03150-BNB

BRADLEY D. BROSWICK,

    Plaintiff,

v.

ARISTEDES W. ZAVARAS, et al.,

    Defendants.

---

### ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Bradley D. Broswick, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Buena Vista Correctional Complex in Buena Vista, Colorado. On March 2, 2011, the Court entered an order directing Mr. Broswick to file an Amended Complaint that stated how each named defendant personally participated in violating his constitutional rights. Mr. Broswick also was instructed to state what each defendant did to him, when the defendant did the action, how the action harmed him, and what specific legal right he believes the defendant violated. Mr. Broswick filed an Amended Complaint on April 4, 2011. The Amended Complaint is thirty pages long and names forty-three defendants.

The Court must construe the Amended Complaint liberally because Mr. Broswick is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Broswick

will be ordered to file a Second Amended Complaint.

The Court has reviewed the Amended Complaint filed by Mr. Broswick and finds that it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

Mr. Broswick fails to set forth a short and plain statement of his claims showing that he is entitled to relief; he has presented his claims in a narrative, chronological format that is repetitive, and not in a short and concise format. Therefore, Mr. Broswick will be directed to file a Second Amended Complaint that complies with the pleading requirements of Rule 8. Mr. Broswick is reminded that it is his responsibility to present his claims in a short and concise format.

Mr. Broswick also is reminded that he must allege specific facts in his Second Amended Complaint that demonstrate how each named defendant personally participated in the asserted constitutional violations. Personal participation is an essential allegation in a civil rights action. See Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Broswick must show that each defendant caused the deprivation of a federal right. See Kentucky v. Graham, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. See Butler v. City of Norman, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. See Pembaur v. City of Cincinnati, 475 U.S. 469, 479 (1986); McKee v. Heggy, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Broswick further is reminded that to state a claim in federal court, the Second Amended "[C]omplaint must explain what each defendant did to him . . .; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right [he] believes the defendant violated." Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that within thirty days from the date of this Order Mr. Broswick file a Second Amended Complaint that complies with the particulars of this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Broswick, together with a copy of this Order, two copies of the Prisoner Complaint form. It is

FURTHER ORDERED that if Mr. Broswick fails to comply with this Order within

the time allowed the action will be dismissed without further notice.

DATED April 13, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-03150-BNB

Bradley D Broswick
Prisoner No. 133047
Buena Vista Correctional Complex
PO Box 2017
Buena Vista, CO 81211

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on April 13, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk